By the Court.
Where parties to a building or ■ construction contract agree to abide by the decision of an engineer or an architect having oversight or supervision of such work as to the amount, quality, acceptability and fitness of the several' kinds of work which are to be done and paid for under such contract, the decision of the arbiter so *48 designated, is binding upon the parties, unless it is shown by clear and convincing evidence that such decision was based upon fraud, dishonesty or collusion.
In this case a contract containing such a provision was entered into between Fath & Company and the city of Cleveland, which contract was thereafter assigned by Fath & Company to The Fred R. Jones Company; but subsequently a contract was entered into between the Jones company and the Fath company subletting to the latter a portion of the work of excavation provided for in the original contract with the city, the Fath company undertaking to do such portion of the work in accordance with the requirements of the original contract, and to accept the price provided therein, to be paid as the city of Cleveland would pay the Jones company, and subject to all other conditions provided in that contract.
The mere fact of disagreement between the representative of the Fath company and the city engineer as to the quantity of excavation is no evidence of fraud or bad faith upon the part of the city engineer. It is disclosed by the record that the city engineer checked his measurements after the same had been disputed and challenged by the representative of the Fath company, but found no errors in the city’s work, that he maintained the correctness of his previous estimate, and upon that computation settlement was made with the Jones company. Settlement upon the basis of such computation, the correctness of which the city engineer had maintained from the first and at all times — *49 even though such settlement was made when it was because the engineer desired to relieve the city from liability to suit and the Jones company accepted same upon such basis because of fear that the city would exact the penalty for not completing the work on time, and from a desire to secure final payment before a change of city administration — is not evidence of collusion, dishonesty or bad faith, and that is the only evidence relied upon by counsel to support the charge of fraud and collusion made in the amended petition. The parties were therefore bound by the terms of the contract above referred to with reference to the manner of the determination of the quantity of excavation, and it was error to submit that item to the jury.
The judgment of the court of appeals is reversed and the cause remanded to the court of common pleas for further proceedings according to law.

Judgment reversed.

Nichols, C. J., Jones, Matthias, Wanamaker and Merrell, JJ., concur.-